IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ALFRED PETER MONTGOMERY, | } | |
| Plaintiff, | } } } | |
| v. | } } | 4:17-cv-01987-KOB |
| RICHARD MINOR, *St. Clair County District Attorney* | } } } | |
| Defendant. | } } | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Montgomery's Amended Complaint. (Doc. 5). The court granted Mr. Montgomery's motion to proceed *in forma pauperis* (doc. 3), which allowed him to file his claims in this court without paying the requisite filing fee. However, the court has an obligation to review *sua sponte* the merits of *in forma pauperis* matters.

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time, notwithstanding filing fees, if "the action or appeal is frivolous or malicious; fails to state a claim on which relief can be granted; or seeks monetary relief against a defendant who is immune from such relief." A frivolous claim "lacks an arguable basis either in law or in fact . . . [and] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S.

1

319, 325 (1989).

Although the court is required to show leniency to a *pro se* plaintiff's pleadings, his complaint is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). *Pro se* complaints must "comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005). Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead more "than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under 28 U.S.C. § 1915(e)(2)(B)(iii), a court must dismiss a claim by a plaintiff proceeding *in forma pauperis* if the complaint fails to state a claim on which relief may be granted or if the complaint seeks monetary relief from an immune party.

Mr. Montgomery, in his Amended Complaint, lodges various allegations against Defendant Richard Minor, St. Clair County District Attorney. Among the allegations are that Mr. Minor "has effected a return to the debtors' prisons of old by his unconstitutional practice, policy and custom of illegally incarcerating [Mr. Montgomery] for failure to pay fines, court costs or restitution." (Doc. 5 at 1). He

also urges that District Attorney Minor violated Mr. Montgomery's rights under the Sixth, Eighth, Thirteenth, and Fourteenth Amendments.

Ultimately, the court gleans from Mr. Montgomery's complaint that he was imprisoned for failure to pay fines, court costs and "some $22,000 plus in restitution" resulting from a state court criminal action against him (*Id.*). Mr. Montgomery's probation was revoked and he was sent to Kilby Prison. (*Id.* at 3). He alleges Mr. Minor "arrested and detained" him because he was unable to pay court fines and costs in full on the day of his sentencing. (*Id.* at 6). Thus, Mr. Montgomery argues that Mr. Minor violated the Constitution by arresting him for being "too poor to pay court costs and fines in full on the date the fines, court costs, and restitution were demanded." (*Id.* at 7).

Despite providing Mr. Montgomery the leniency required for *pro se* litigants, and despite evaluating his complaint in the light most favorable to him, the court determines that he has not alleged a plausible cause of action for which relief can be granted. Mr. Montgomery seeks monetary damages from Mr. Minor in his individual and official capacities, and declaratory and injunctive relief against Mr. Minor in his official capacity. However, the law is well settled that prosecutors are granted absolute immunity from suit for claims brought under 42 U.S.C. § 1983.

This absolute immunity, which Mr. Minor enjoys because he is a St. Clair County District Attorney, "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceeding or for trial, and which occur in the course of his role as an advocate for the state." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (internal quotation marks omitted). Absolute immunity is broad in scope, and protects prosecutors from lawsuits like Mr. Montgomery's. For example, in *Hart* the Eleventh Circuit explained that absolute immunity covers prosecutorial acts such as "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . ." *Id.* (alteration in original) (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)).

Mr. Minor undertook the actions forming the basis of Mr. Montgomery's lawsuit in Mr. Minor's role as a St. Clair County prosecutor. Therefore, the court finds that the doctrine of absolute immunity shields Mr. Minor from Mr. Montgomery's claims, and this case is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. The court will enter a separate order consistent with this Memorandum Opinion.

**Done** this 28th day of March, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE